UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**STEVEN D. ROBERSON**                                                                 **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 1:23-CV-P168-JHM**

**SIMPSON COUNTY GOVERNMENT et al.**                                   **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Steven D. Roberson, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint and amended complaint are before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff is a pretrial detainee at the Simpson County Detention Center (SCDC). His complaint (DN 1) names SCDC Officer Tyler Beard as Defendant in his individual capacity. He also states that other "involved parties" are the Franklin Memorial Hospital Emergency Room (ER), several unnamed nurses, physicians, orderlies, and Dr. Maynard, the "Staff Physician on Duty." He further includes a section titled "Parties Liable" under which he has written the "Simpson County Government" and "Franklin Memorial Hospital c/o Dr.[] Maynard, M.D." Plaintiff sets forth his claims as "(1) deliberate indifference to serious medical needs; (2) abuse of hospital staff; (3) negligence of jail staff [Beard]; (4) pain and suffering (damage to body and organs)."

The allegations of the complaint relate to a visit to the Franklin Memorial Hospital ER on August 5, 2022. Plaintiff states that on that date, he was arrested, transferred to the SCDC, and

then taken to the Franklin Memorial Hospital ER, where he was "directed to submit to a urinalysis test." However, he states that he was not able to urinate at that time due to a "severe blockage" and was held down by Beard and several orderlies and catheterized against his will. He alleges that he screamed and cried from the pain and because it triggered memories of an incident which occurred to him at the age of six.

To the amended complaint (DN 9), Plaintiff attaches an August 31, 2022, "Kentucky Board of Medical Licensure Grievance Form" regarding "the 2nd shift staff on duty at the Franklin Memorial Hospital."[1] This document provides additional details. Plaintiff describes being taken to the SCDC after being arrested on a suspended license. After being asked to give a urine sample, because he "was sweating profusely and incoherent at the time of arrest," which he was unable to do, Plaintiff was transported to the Franklin Memorial Hospital ER for a urinalysis and testing. According to Plaintiff, his profuse sweating and inability to urinate was not due to drug usage but was caused by his kidneys being "slow" due to his Type II diabetes and the physical complications arising therefrom. Plaintiff states that when he was not able to produce a urine sample within 60 seconds, the hospital instructed Beard and several orderlies to hold him down while he was forcibly catheterized.

Plaintiff requests compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

---

[1] The amended complaint appears to be a duplicate of certain pages of the complaint except for the amount requested in compensatory damages.

§ 1915A(b)(1) and (2).  When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 275-80, (1985).  Thus, in Kentucky, personal injury actions and § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a).  *Dixon v. Clem*, 492 F.3d 665, 671 (6th Cir. 2007) (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)).

Plaintiff does not allege that Dr. Maynard or any of the other hospital staff are state actors, nor is it clear from the complaint that they would be considered state actors as would be required to bring a § 1983 action against them.  *See Westmoreland v. Sutherland*, 662 F.3d 714, 718 (6th Cir. 2011) ("In a § 1983 action, the plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States *caused by a person acting under color of state law*.")

(emphasis added) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). However, because Kentucky's personal injury and § 1983 statutes of limitations are the same, it is not necessary for the Court to determine whether the hospital employees are state actors. Were the Court to determine that the hospital staff were not state actors, Plaintiff's § 1983 claims against them would fail to state a claim upon which relief may be granted for that reason. *See West*, 487 U.S. at 48.

Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *See Panzica v. Corr. Corp. of Am.*, 559 F. App'x 461, 463 (6th Cir. 2014) (citing *Wallace v. Kato*, 549 U.S. 384, 388, (2007)); *see also Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claims alleged in the complaint. *See Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Here, Plaintiff knew of any injury from allegedly being forcibly catheterized on August 5, 2022. Thus, the one-year statute of limitations for the alleged excessive-force incident expired on August 5, 2023. Plaintiff's complaint was filed on September 11, 2023, approximately five weeks after the statute of limitations for his claims expired.[2]

---

[2] The complaint states that it was signed on September 11, 2023, and leaves blank the date it was presented to prison authorities for mailing. Under the "prison mailbox rule[,] . . . a pro se prisoner's [pleading] is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002)). Courts applying the prison mailbox rule assume, "absent contrary evidence," that an incarcerated person handed over a pleading to prison authorities "on the date he or she signed [it]." *Brand*, 526 F.3d at 925.

Thus, this action is time-barred and must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones*, 549 U.S. at 215).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: May 11, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009